UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILOS LEUBNER,<br>   Plaintiff,<br>  v.<br>COUNTY OF LAKE, et al.,<br>   Defendants. | Case No. 18-cv-05654-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

Before the court is defendants' motion to dismiss pro se plaintiff Milos Leubner's complaint. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for February 20, 2019, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby grants defendants' motion for the following reasons.

## BACKGROUND[1]

Plaintiff is a medical marijuana user and the primary caregiver for three members of his "collective." Compl. at ECF 12. On September 15, 2016, employees of the Lake County Sheriff's Department entered plaintiff's property and allegedly "arrested" plaintiff twice, once in his home and a second time about eight feet from his house. Id. at 2, 7. The Sheriff's Department employees seized and destroyed, inter alia, marijuana found on

---

[1] The court's recitation of the factual background is based on plaintiff's relevant allegations, as best as the court understands them, and judicially noticeable documents submitted by defendants. United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004) (judicially noticing court records in underlying criminal case).

1 plaintiff's property. Id. at 9.

Plaintiff claims that that search and seizure was conducted without a warrant. Id. at 2-3. In actual fact, however, judicially noticeable documents show that a search warrant was issued by the Lake County Superior Court on September 13, 2016. Dkt. 15-1, Ex. A. That warrant authorized law enforcement to search plaintiff's property and seize, inter alia, marijuana and related instruments found therein. Id. After the Sheriff's Department executed that warrant, on October 5, 2016, the Superior Court received the Return To Search Warrant, which indicated, inter alia, that almost 70 pounds of marijuana had been destroyed. Id., Ex. B.

On September 19, 2016, Leubner was charged with three felonies under §§ 11358, 11359, and 11360(a) of the California Health and Safety Code, for the unlawful possession, cultivation, transportation, and selling of marijuana. Id., Ex. C. On May 16, 2017, pursuant to stipulation, "all items seized [were] forfeited by Milos Leubner, with the exception of any firearms" and the charges against Leubner were dismissed. Id., Ex. D (minutes to settlement conference).

Plaintiff's complaint stems directly from the above events and most specifically from the purportedly warrantless seizure and destruction of his marijuana. Plaintiff alleges two claims (based on multiple U.S. Constitutional Amendments) against at least three defendants: the County of Lake, Dennis Keithly, an employee of the Sheriff's Department, and Michael Penhall, an employee of Code Enforcement. Plaintiff's first cause of action alleges violations of the First Amendment, the Fourth Amendment, the Fifth Amendment, the Eighth Amendment, and the Ninth Amendment. Plaintiff's second cause of action alleges conspiracy to violate the Fourteenth Amendment. Adding confusion to the complaint, plaintiff appears to bring the second cause of action against additional defendants—Kathy Freedman and Jerri Driver—both of whom are not named earlier in the form complaint in the section designated for identifying each defendant and have not been served. The complaint's failure to allege each defendant's specific conduct exacerbates that confusion.

Based on the above claims and alleged conduct, plaintiff seeks bureaucratic changes within County of Lake and seeks to recover for "all expenses suffered . . . due to [the] total destruction of [the] collective's medical garden" and for harm suffered as a "consequence[ ] of the" search. Compl. at 14.

**DISCUSSION**

**A.     Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court must accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " Id. at 679. Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

3

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007). That is, the court may consider matters that are properly the subject of judicial notice, Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider exhibits attached to the complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced extensively in the complaint and documents that form the basis of a the plaintiff's claims. See No. 84 Emp'r-Teamster Jt. Counsel Pension Trust Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

**B. Analysis**

### 1. The Court Construes the Complaint As Asserting a Claim Under 42 U.S.C. § 1983

Plaintiff asserts that defendants violated his constitutional rights but does not specify how the invoked Amendments alone provide a basis for relief. Defendants' motion construed the complaint as bringing claims under 42 U.S.C. § 1983. As plaintiff failed to oppose that construction, and because plaintiff complains of constitutional violations, the court also construes the complaint as bringing § 1983 claims.

"Section 1983 provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### 2. Plaintiff Has Failed to State a Claim.

#### a. Plaintiff's First Cause of Action

Plaintiff's first cause of action alleges defendants violated the First, Fourth, Fifth, Eighth, and Ninth Amendments of the U.S. Constitution. For the reasons discussed below, the court finds that plaintiff first cause of action must be dismissed.

### i.     The First Amendment

Plaintiff's appears to allege that defendants violated the First Amendment by conducting the search and seizure without allowing him to address the County of Lake Board of Supervisors in violation of County of Lake Ordinance No. 2997, Article 72 ("Ordinance 2997"). Compl. at 8-9.

That ordinance imposes several restrictions on the cultivation of marijuana within Lake County. Among other things, "the Ordinance [ ] provides that any violation of the Ordinance 'shall constitute a public nuisance and shall be subject to abatement as provided' by the Ordinance." Allen v. Cty. of Lake, No. 14-CV-03934-TEH, 2017 WL 363209, at *1 (N.D. Cal. Jan. 25, 2017) (discussing and quoting Article 72.7(a)). "The Ordinance requires that the property owner or occupants be provided notice of the abatement and given a five-business-day period to either comply with the Ordinance or to request a hearing before any abatement action is taken by the County." Id. (discussing Article 72.9-72.10). Article 72.9(d), titled "Hearing Procedure," provides that "[a] hearing . . . may be requested by filing a written request for a hearing with the Lake County Community Development Department within 5 business days of service of the Notice" and that the request "shall specify why marijuana being cultivated is not in violation of this Article and therefore should not be considered a public nuisance." Ordinance 2997, Article 72.9(d). Thus, at least under certain circumstances, Article 72.9 provides that a person cultivating marijuana in Lake County is entitled to receive a hearing prior to the County abating a purported nuisance under Article 72.

The complaint, however, does not allege that plaintiff ever complied with the requirements of Article 72.9(d). Thus, plaintiff's First Amendment claim cannot stand as currently pled because it is based on the denial of a hearing that plaintiff has not alleged

5

he qualified for or asked for.[2] And the complaint does not contain any other allegations of speech or petitioning.

Moreover, Ordinance 2997 "allows the summary abatement of marijuana cultivation that violates a limited number of specific provisions within the Ordinance." Allen, 2017 WL 363209, at *1. For example, the County may summarily abate the nuisance if more than 6 mature or 12 immature plants are cultivated on parcels larger than one acre, or if unlawful indoor cultivation results in unsafe electrical or structural violations that constitute an immediate threat or danger to the health, safety and welfare of the public. Ordinance 2997 at Article 72.5(a), 72.8. Documents plaintiff attaches to his opposition and the above-discussed Return to Search warrant suggest that the Article 72 procedures that plaintiff relies upon may not apply at all to the present circumstances. See Dkt. 24-1, Ex. D; Dkt. 15-1, Ex. B (showing 91 marijuana plants destroyed).

Lastly, there is an additional reason that plaintiff's reliance on Article 72's procedures might be misplaced. The "Abatement Procedures" that plaintiff relies upon apply when "an Enforcement Official determines that a violation of" Chapter 21 of the Ordinance Code of The County of Lake "exists that results in a public nuisance[.]" Ordinance 2997, Article 72.9. Here, the warrant at issue was authorized because there was probable cause to believe the marijuana was used as the means of committing a felony and Leubner was charged for the possession, cultivation, transportation, or selling of marijuana in violation of §§ 11358-60 of the California Health and Safety Code. Article 72 neither addresses felonies nor §§ 11358-60 of the California Health and Safety Code. And no part of Article 72 suggests that it, or its accompanying "Abatement Procedures," displace state criminal laws regarding the possession, cultivation, transportation, or selling of marijuana. It therefore seems unlikely that Article 72.9's "Abatement

---

[2] The court expresses no opinion about whether the failure to receive an Article 72.9(d) hearing constitutes a First Amendment violation. See White v. Olig, 56 F.3d 817, 820 (7th Cir.1995) ("It is therefore a truism, reiterated many times by this court, that mere allegations of state law infraction are insufficient to support a section 1983 claim.").

6

1 Procedures" apply here.

2 Accordingly, plaintiff's First Amendment claim is DISMISSED WITHOUT PREJUDICE. Any amended complaint shall include allegations describing the steps plaintiff took to request a hearing and whether he received that hearing. It shall also specify who allegedly violated plaintiff's rights guaranteed under the First Amendment and describe each implicated defendants' conduct that led to the alleged First Amendment violation. If plaintiff's First Amendment claim is not based on Article 72.9(d), plaintiff must include specific allegations showing how a state actor deprived him of rights guaranteed by the First Amendment.

### ii. The Fourth Amendment

Plaintiff's Fourth Amendment claim is based on the allegation that defendants conducted a warrantless search and seizure. In addition, plaintiff argues that even if a warrant existed, it should never have been issued.

As to the former, judicially noticeable documents show that in fact the search and seizure occurred pursuant to a warrant. Plaintiff does not challenge the authenticity of the warrant. Thus, contrary to plaintiff's allegation a warrantless search did not occur.[3]

Plaintiff's latter argument also fails. As an initial matter, plaintiff's complaint does not contain any allegations challenging the validity of the warrant or the process pursuant to which it was authorized. Schneider v. California Dep't of Corrections, 151 F.3d 1194, 1197 (9th Cir.1998) ("[A] court may not look beyond the complaint to a plaintiff's moving papers[.]").

In any event, the assertions within plaintiff's opposition fall far short of the heavy burden imposed when challenging the validity of a warrant. Generally, "[t]here is ... a presumption of validity with respect to the affidavit supporting [a] search warrant." Franks

---

[3] Plaintiff also alleges that Allen et al v. County of Lake, 14-3934 (N.D. Cal.), supports his position that defendants violated his constitutional rights. That case, however, dealt with allegations that County of Lake performed warrantless searches on marijuana growers. As a warrant was issued here, Allen does not support plaintiff's position.

7

v. Delaware, 438 U.S. 154, 171 (1978); accord U.S. v. Awadallah, 349 F.3d 42, 64 (2d Cir. 2003) ("a search or seizure pursuant to a warrant is presumed valid."). Under certain circumstances, however, "a defendant may challenge the truthfulness of factual statements made in the affidavit, and thereby undermine the validity of the warrant and the resulting search or seizure." Awadallah, 349 F.3d at 64 (citing Franks, 438 U.S. at 164-72). "To secure a Franks hearing, a defendant must both (1) make a 'substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit' and (2) show that 'the allegedly false statement [was] necessary to the finding of probable cause.' " U.S. v. Morris, 509 F. App'x 58, 60 (2d Cir. 2013) (quoting Franks, 438 U.S. at 155-56).

To avoid fishing expeditions into affidavits that are otherwise presumed truthful, the Supreme Court has held that to mandate an evidentiary hearing,

> the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. . . . "Allegations of negligence or innocent mistake are insufficient."

Franks, 438 U.S. at 171.

The allegations in plaintiff's complaint and opposition do not come close to meeting those requirements. See Whitehead v. Endicott Police Dep't, No. 318CV0052GTSDEP, 2018 WL 3121607, at *5 (N.D. N.Y. Feb. 5, 2018) (dismissing claims based on challenge to warrant's underlying affidavit);[4] Gifford v. Siskiyou Cty. Sheriff, No. 2:11-CV-2484-KJM-CMK, 2017 WL 3911927, at *3 (E.D. Cal. Sept. 7, 2017) (dismissing 4th Amendment claim challenging validity of warrant and underlying affidavit).

In addition, to the extent plaintiff's Fourth Amendment claim is premised solely

---

[4] report and recommendation adopted sub nom. Whitehead v. Vill. of Endicot, No. 318CV0052GTSDEP, 2018 WL 1737551 (N.D.N.Y. Apr. 10, 2018).

8

upon the seizure of the marijuana. That claim fails because plaintiff stipulated to the forfeiture of his marijuana. See Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) (explaining that district courts must consider whether a judgment in favor of plaintiff in a § 1983 claim would necessarily implicate the validity of plaintiff's conviction or sentence, if it would, the complaint must be dismissed, unless plaintiff demonstrates the conviction or sentence has already been invalidated); Schulze v. Maglasang, No. CV-06-00490-EFS, 2008 WL 11394410, at *5 (D. Haw. May 8, 2008), aff'd, 376 F. App'x 741 (9th Cir. 2010) (granting defendants' motion for judgment on the pleadings with respect to plaintiff's civil challenge to forfeiture order); Stafne v. Zilly, 337 F. Supp. 3d 1079, 1090 (W.D. Wash. 2018) ("[C]ollateral attacks on the judgments, orders, decrees or decisions of federal courts are improper.").

Accordingly, the court DISMISSES plaintiff's Fourth Amendment claim WITHOUT PREJUDICE. Any amended complaint challenging the validity of the warrant shall include specific allegations that meet the Frank standard set forth above.

### iii. The Fifth Amendment

Plaintiff has not stated a Fifth Amendment claim because the "Fifth Amendment's due process clause only applies to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Plaintiff has not alleged that the federal government took any action against him. Accordingly, the court DISMISSES plaintiff's Fifth Amendment claim WITH PREJUDICE.

### iv. The Eighth Amendment

Plaintiff alleges that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. "The whole point of the [Eighth A]mendment is to protect persons convicted of crimes." Spain v. Procunier, 600 F.2d 189, 194 (9th Cir. 1979). Plaintiff, however, does not include any allegations about whether he was ever held in custody, convicted, or placed in prison. And judicially noticeable documents show that the charges against him were dismissed. Ex. D. Further, even if plaintiff had alleged facts sufficient to show that the Eighth Amendment applied, plaintiff has neither alleged

1 how his "conditions of confinement," if any, were "inhumane" nor alleged what conduct
2 constituted an "inhumane method[ ] of punishment." Morgan v. Morgensen, 465 F.3d
3 1041, 1045 (9th Cir. 2006), opinion amended on reh'g, No. 04-35608, 2006 WL 3437344
4 (9th Cir. Nov. 30, 2006).

Accordingly, plaintiff's Eighth Amendment claim is DISMISSED WITHOUT PREJUDICE. Any amendment shall allege how the Eighth Amendment is applicable and allege the conditions or conduct that plaintiff contends constituted "cruel and unusual punishment."

### v. The Ninth Amendment

Plaintiff's Ninth Amendment claim fails because that "Amendment has never been recognized as independently securing any constitutional right, for purposes of pursing a civil rights claim." Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986). It is therefore DISMISSED WITH PREJUDICE.

### b. Plaintiff's Second Cause of Action

Plaintiff's second cause of action alleges that the defendants engaged in a conspiracy to deny plaintiff the use of his property and vehicles, and deprive him of health and nourishment in violation of the Fourteenth Amendment's Due Process Clause.

The Fourteenth Amendment's Due Process Clause states that no state may "deprive any person of life, liberty, or property without due process of law." To prevail on this claim, plaintiff bears the burden of pleading and proving: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of that interest by the government; and (3) the lack of process. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir.1993). The complaint does not include any allegations sufficient to satisfy those three requirements. Indeed, plaintiff's own exhibits suggest that he received at least some process before his home was declared uninhabitable. See Dkt. 24-1.

Accordingly, plaintiff's Fourteenth Amendment Claim is DISMISSED WITHOUT PREJUDICE. Any amended complaint shall include specific allegations about how a state actor deprived plaintiff, without sufficient process, of a property interest protected by

the Constitution. The amended complaint shall also specifically allege the conduct of each defendant that plaintiff believes acted in furtherance of the alleged conspiracy to deprive him of his constitutional rights.

### c. County of Lake

In addition to the above, plaintiff has failed to allege municipal liability against County of Lake. "[A] municipality cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondent superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (emphasis in original). In order for a municipality to be held liable, it must have committed the constitutional violation pursuant to governmental custom or official municipal policy. Id. at 692.

At best, plaintiff alleges that County of Lake had a policy of performing warrantless searches and seizures in 2014. That allegation fails to support plaintiff's claim for two reasons. First, plaintiff fails to allege that County of Lake currently has that policy. Second, plaintiff has not alleged that that policy led to the search and seizure, executed pursuant to a warrant, at issue here. Accordingly, plaintiff's claims against the County of Lake must be DISMISSED WITHOUT PREJUDICE for this additional reason.

### d. Plaintiff's Claim for Relief

Primarily, plaintiff seeks damages as a result of the confiscation or destruction of marijuana. Compl. at 14. That is not a viable basis for damages.

> The Supreme Court has held that no person can have a legally protected interest in contraband per se. See United States v. Jeffers, 342 U.S. 48, 53, 72 S. Ct. 93, 96 L. Ed. 59 (1951); see also Cooper v. City of Greenwood, Mississippi, 904 F.2d 302, 305 (5th Cir. 1990) ("Courts will not entertain a claim contesting the confiscation of contraband per se because one cannot have a property right in that which is not subject to legal possession."). "An object is contraband per se if its possession, without more, constitutes a crime; or in other words, there is no legal purpose to which the object could be put." United States v. Harrell, 530 F.3d 1051, 1057 (9th Cir. 2008). Under the federal Controlled Substances Act ("CSA"), it is illegal for any private person to possess marijuana. 21 U.S.C. §§ 812(c), 841(a)(1), 844(a). Thus, under federal law, marijuana is contraband per se, which means no person can have a

11

> cognizable legal interest in it. See Gonzales v. Raich, 545 U.S. 1, 27, 125 S. Ct. 2195, 162 L. Ed. 2d 1 (2005) ("The CSA designates marijuana as contraband for any purpose." (emphasis in original)). . . . In this case, plaintiff cannot recover damages as a result of the confiscation or destruction of marijuana because he had no cognizable property interest in the marijuana.

Schmidt v. Cty. of Nevada, No. 2:10-CV-3022 FCD/EFB, 2011 WL 2967786, at *5-6 (E.D. Cal. July 19, 2011) (dismissing without leave to amend for lack of standing).[5]

This claim for relief is STRICKEN from the complaint and any amended complaint shall allege a cognizable basis for damages that is not based on the destruction or seizure of marijuana.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. Plaintiff's amended complaint, if any, may not be based on the Fifth Amendment or the Ninth Amendment, as those claims are dismissed with prejudice. Plaintiff's amended complaint, however, may attempt to state a civil rights claim based on the First Amendment, the Fourth Amendment, the Eighth Amendment, or the Fourteenth Amendment.

Regardless of the constitutional basis of plaintiff's complaint, plaintiff's amended complaint shall clearly identify the defendants, the conduct of each of those defendants, and how that conduct caused or contributed to a violation of a specific right guaranteed by the Constitution. In addition, if the amended complaint names County of Lake as a defendant, plaintiff shall allege how a County of Lake "custom or official municipal policy" led to a constitutional violation committed by one of its employees.

Lastly, the court reminds plaintiff that he is prohibited from bringing claims on behalf of third parties because he is proceeding pro se, see McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966), and because he "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975).

---

[5] Moreover, plaintiff stipulated to the forfeiture of his marijuana.

12

Any amended complaint shall be filed no later than March 25, 2019.  Other than the parties identified in the complaint and in plaintiff's opposition, no new parties may be added without leave of court.[6]

**IT IS SO ORDERED.**

Dated: February 15, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[6] Because plaintiff eventually filed an opposition to defendant's motion, the Order to Show Cause issued on January 25, 2019, is DISCHARGED.