UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILOS LEUBNER,<br>　　　　Plaintiff,<br>　　v.<br>COUNTY OF LAKE, et al.,<br>　　　　Defendants. | Case No. 18-cv-05654-PJH<br><br>**ORDER RE PLAINTIFF'S FILINGS**<br>Re: Dkt. Nos. 51, 52 |

On August 7, 2019, this court ordered plaintiff to show cause why the action should not be dismissed for plaintiff's failure to oppose defendants' motion to dismiss. Dkt. 48 (the "OSC"). That same order warned plaintiff that any failure to respond to and comply with the OSC by August 16, 2019, would result in "dismissal of the action for failure to prosecute and to comply with a court order." Id. Having received no response to that OSC, the court dismissed plaintiff's action with prejudice on August 20, 2019, Dkt. 49, and entered a corresponding judgment the same day, Dkt. 50.

On August 26, 2019, plaintiff filed two documents: (1) a response to defendants' motion to dismiss, Dkt. 51; and (2) a response to the OSC, Dkt. 52. As an initial matter, both of those documents are untimely filed—by over three weeks in the case of plaintiff's response to the motion to dismiss and by ten days in the case of plaintiff's response to the OSC. Perhaps more importantly, neither of those documents adequately explains why plaintiff failed to timely oppose defendants' motion to dismiss or failed to timely respond to the OSC. Though plaintiff's response to the OSC discusses the hardships plaintiff faces, those hardships are never specifically linked to either plaintiff's failures to respond or even to the relevant time period within which plaintiff was required to file

responsive documents.

Moreover, as the court has already entered judgment in this action, the appropriate avenue of relief is Federal Rule of Civil Procedure 59(e). A Rule 59(e) motion is properly granted "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003) (internal quotation marks omitted). Based on plaintiff's present filings, the court cannot find that plaintiff has satisfied any of those three bases for relief.

Accordingly, the above-captioned case shall remain closed.

**IT IS SO ORDERED.**

Dated: August 28, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge